*344 The opinion of the court was delivered by
Duncan, J.
Whatever may have been the errors of the court in the admission and rejection of evidence, still, if the plaintiffs, in their declaration, have set out no legal cause of action, if the words laid are not actionable, if they never could obtain a judgment against the defendant, the judgment must stand affirmed. The words laid in this declaration, are clearly not actionable. They were not spoken of the plaintiffs; to the person to whom they were addressed, they imputed no crime, they exposed her to no punishment. It might be considered a misfortune to her to be esteemed a bastard, but it did not impute to her any moral turpitude, nor any crime subjecting her to indictment or punishment. If any temporal damage had been stated to have been occasioned by speaking the words, as the danger of losing a situation, the action might have been sustained. The mother of Nancy, to whom want of chastity was imputed, might be said to be charged with adultery or fornication. But the words were not spoken of her. If this meaning could be rendered certain, it could not be by means of an innuendo, but must have been by way of averment or colloquium. If the person to whom the words relate, be'not described with certainty, but require some extrinsic fact'to render them so, this is not the office of an innuendo. The intention to have it understood, that Mary Maxwell, the plaintiff, liad been guilty of the crime of incontinence and adultery, because the defendant said Nancy, her daughter, was a bastard, is not an averment of a fact, on which issue could be taken, nor is it susceptible of proof; and there was no colloquium at the time of publishing the words, that they were spoken of her. Where a person is so ambiguously alluded to, as that without the aid of extrinsic facts, the identity is not ascertained there by the introduction of proper averments and a colloquium, the words may, notwithstanding be rendered sufficiently certain to maintain an action. Van Vechten v. Hopkins, 5 Johns. 223. Cheetham v. Tillotson, Id. 430. An innuendo cannot supply the place of a colloquium; nor is an innuendo capable of proof. But where an innuendo and colloquium introduce extrinsic matter, that is a proper subject of proof. The true rule is, that where words do not in themselves virtually convey the meaning imputed to them, or where they refer to some extrinsic matter, to make them actionable, it must not only be predicated, that the said matter exists, but that the words were spoken of and concerning that matter, and this is matter of fact, to be decided by a jury. 1 Saund, 243. Innuendo, means nothing more than id est, scilicet, or meaning as aforesaid; explanatory of a subject matter sufficiently expressed before; as, such a one, meaning the defendant; or, such a subject, meaning the subject in question. But as it is only received as a word of explanation, it cannot extend to the sense of the words, beyond their own meaning. Unless something is put in the record for it to explain, there is nothing to throw light on the innuendo, *345 nor has it connection with any part of the declaration. It stands alone, without any support, and implies no charge to. the plaintiff, Mary, personally.
Judgment affirmed.